NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-624

CHARLES DAVIS

vs.

DEPARTMENT OF REVENUE CHILD SUPPORT ENFORCEMENT DIVISION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the dismissal of his Superior Court complaint which sought to challenge the garnishment of his wages by the Department of Revenue (DOR) pursuant to a Probate and Family Court child support order. On appeal, the plaintiff makes a variety of claims, none of which are properly before us. We affirm.

Discussion. Although the record does not contain a copy of the order, it appears that on January 6, 2023, a judge of the Probate and Family Court issued an order directing the plaintiff to pay child support in the amount of seventy-five dollars per week through wage assignment by the DOR. Two months later, the plaintiff filed an action which he labeled as an "appeal," apparently from this order, against the DOR in Superior Court. A Superior Court judge, sua sponte, scheduled a hearing on the

issue of the court's jurisdiction over the matter. After the hearing, the judge found that the Superior Court lacked jurisdiction over the Probate and Family Court order; jurisdiction rested in the Probate and Family Court; and an appeal of the Probate and Family Court's decision would be to the Massachusetts Appeals Court. The judge dismissed the Superior Court action, and the plaintiff now appeals from that judgment of dismissal.

The only issue properly before us is whether the Superior Court had jurisdiction to modify the Probate and Family Court's child support order, as that was the basis for the judge's dismissal of the complaint. However, the plaintiff did not address the issue of jurisdiction in his brief, so the issue is waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Even if the plaintiff had not waived the issue, the judge correctly concluded that the Superior Court lacked jurisdiction. The Probate and Family Court, and sometimes the District Court, have jurisdiction over child support cases. See G. L. c. 215, § 4. The Superior Court does not have jurisdiction over child support cases. Id. Under G. L. c. 209C, § 20, the Probate and Family Court that enters a child support order retains continuing jurisdiction to modify the order. Pursuant to G. L. c. 215, § 9, a party who is aggrieved by a judgment of the

2

Probate and Family Court can appeal from that judgment to the Appeals Court -- not to the Superior Court.[1]  Therefore, the judge properly dismissed the plaintiff's purported appeal.

<u>Judgment affirmed</u>.

By the Court (Meade, Neyman & Hand, JJ.[2]),

Assistant Clerk

Entered:  April 3, 2024.

---

[1] To the extent the child support order is interlocutory, which is not clear from the record, the plaintiff also could have filed a petition for relief to a single justice pursuant to G. L. c. 231, § 118.

[2] The panelists are listed in order of seniority.